CHARLES WILSON ET AL. v. M. BRISTLEY ET AL.

Delivered March 26, 1896.

1. **Town Incorporation—Mandamus—Sufficiency of Petition—"Duly Incorporated."**

A petition for mandamus to compel the town authorities to count the vote and declare the result of an election held to determine whether certain territory should be withdrawn from the town showed that the town had a superficial area of 27.8 square miles. Held that an allegation merely that the town was "duly incorporated" was insufficient on general demurrer, there being no fact averred to show that such incorporation was not void because including a larger superficial era than allowed by statute.

2. **Same—Withdrawing Territory—Act of 1895—Premature Election.**

Since the act of the 24th Legislature (Laws 1895, p. 17) "to define the territory and provide for establishing the boundaries of cities and towns * * * and to validate the incorporation of any city or town heretofore incorporated," etc., allowed 90 days for a resurvey of the corporate limits of towns containing a larger superficial area than was authorized, an election for the purpose of withdrawing territory from such town could not be held under Sayles' Civil Statutes, article 503a, until the period allowed for the resurvey had elapsed.

APPEAL from Liberty. Tried below before Hon. L. B. HIGHTOWER.

C. F. Stevens, for appellant.

A. R. Chapman, for appellees.

GARRETT, CHIEF JUSTICE.—Appellants brought suit in the District Court of Liberty County on August 22, 1895, for a mandamus against appellees as the mayor and aldermen of the town of Liberty to require them to count the returns and declare the result of an election held on August 6, 1895, for the purpose of determining whether certain territory should be withdrawn from the limits of said town. A demurrer to the petition was sustained and judgment was rendered for the appellees in the court below.

It was alleged in the petition that the town of Liberty had been duly incorporated under title 17 of the Revised Statutes of Texas, but there is nothing further to show whether it was incorporated as a town of less than ten thousand inhabitants or of more than that number, or to show whether or not the corporation might not be void as including territory within its boundaries not permitted by law. Ordinarily the allegation that the town had been duly incorporated would be, sufficient on general demurrer to show that it was so incorporated, but the petition shows further that the territory included within the limits of the town is of a

superficial area, extending 18,886 varas east and west and 5340 varas north and south, making an area of 27.8 square miles. In the absence of the allegation of facts to show that this large scope of territory was legally incorporated, it must be held that the allegation that the town of Liberty was duly incorporated is not sufficient even on general demurrer, when taken in connection with the allegation as to the limits of the town. If the town was not lawfully incorporated there was no authority to hold the election or to have the returns counted and the result declared, nor indeed any occasion therefor.

Again, before the election was held the act passed by the 24th Legislature entitled "An act to define the territory and provide for establishing the boundaries of cities and towns in this State, and to validate the incorporation of any city or town heretofore incorporated in this State in certain cases," had become a law, and the ninety days allowed therein for the resurvey of the corporate limits had not elapsed. Laws 1895, p. 17. While we do not think this act was a repeal of article 503a of the Revised Statutes under which the election was held to withdraw the territory from the town of Liberty, yet the purpose of it was to give an opportunity to the mayor and aldermen of towns incorporated before its passage and containing a greater superficial area than allowed by the act to have a resurvey made and the incorporation validated. The petition does not show that such a resurvey of the town of Liberty would have included any part of the territory which appellants sought to withdraw, but even if this could have been done, we are of the opinion that after the law took effect, nothing could be done to withdraw territory under the article 503a of the Revised Statutes until after the mayor and aldermen had had the resurvey made in compliance with the law. Therefore no error is shown in sustaining the demurrer to the petition.

The judgment will be affirmed.

<em>Affirmed.</em>

Writ of error refused.